# CIRCUIT COURT OF THE CITY OF RICHMOND

Leslie Boynton Behage

v.

Marc Purintun, Adm'r, et al.

August 13, 1997

Case No. HI-101-3

BY JUDGE T. J. MARKOW

This case concerns the interpretation of a duly probated will. Most of the property in the subject estate has already been appropriately distributed. Plaintiff, one of the decedent's sisters, who is an heir in the event of intestacy, has filed a Bill of Complaint seeking to have the assets remaining in the estate at this point distributed under the rules of intestacy. Defendant, the administrator of the estate, has filed a cross-bill for aid and guidance. He asserts that the terms of the will require that he distribute the remainder of the estate to certain friends of the decedent. One of these friends, Milton Adams, has intervened in this case, asserting his right to the assets.

The controversy centers on one provision of the will. It is labeled paragraph Twelfth and provides as follows:

> To my close friends, Jerry Thompson, Mark Pennington, Will Mastin, Paul Carl and many others, I would like for my executor to make whatever dispositions of property as he deems appropriate.

This paragraph of the will, which creates a power of appointment, constitutes the only provision which remains to be acted upon by the administrator of the estate. It has come into controversy because of the death of the executor.

Earlier in the will, Larry Clifford Koonts was named as executor. No provision was made for a substitute or alternate executor to act in the event that Mr. Koonts had failed to qualify or had been unable to perform his duties. Mr. Koonts did qualify, and began the process of administering the estate.

However, before he could give full effect to paragraph Twelfth, he died. Defendant Marc Purintun has been appointed and is serving as the administrator, d.b.n., c.t.a., of the estate.

Mr. Purintun, while not mentioned in the will, claims to be a friend of the decedent. He believes that he can exercise the discretion afforded to the executor in paragraph Twelfth and follow the testator's intentions. He proposes to distribute the remainder of the estate, at least in part, to the intervenor, Mr. Adams.

Plaintiff claims that paragraph Twelfth was not a residuary clause. Plaintiff further contends that the power of appointment created by that provision was personal to Mr. Koonts and does not pass on to his successor, Mr. Purintun. Finally, Plaintiff argues that the class designated in the power of appointment is too broad and too ambiguous to be given effect by this Court.

Defendants claim that the testator deliberately limited the bequests to his natural heirs and to allow the property to pass intestate would be to defy the intent of the testator. They claim that Mr. Purintun is able to carry out the wishes of the testator as well as Mr. Koonts would have been. They further claim that the class is defined and limited by the language of the will.

The Court finds that the power of appointment does not survive the death of the donee of that power, Mr. Koonts. As such, the Court does not reach the issues of whether the provision would have been considered a residuary clause and whether the class is overly broad and ambiguous.

"A power of appointment, where a trust and confidence is reposed in the donee, is personal to the donee, and cannot be delegated." *Hood v. Haden*, 82 Va. 588, 595 (1886). If a testator, in creating a power of appointment, does so relying on the donee's discretion to make the ultimate appointment, no one but the donee has the discretion to do so. *See Frazier v. Frazier*, 29 Va. (2 Leigh) 642 (1831); *Robinson v. Allen*, 52 Va. (11 Gratt.) 785 (1854). It is not enough that Mr. Purintun knew the testator's wishes as well as Mr. Koonts did. Assuming this to be true, Mr. Purintun is, for all intents and purposes under this will, a stranger to the will. The Court cannot conclude that the testator expressed an intent to allow just anyone to exercise the discretion allowed by the provision in question.

The argument can be made that the language of the provision gives the discretion to the "executor" not to Koonts. Since the administrator functions in an analogous capacity to the executor, it might follow that the power of appointment had as its donee anyone who performed that role.

This argument fails in the face of the will. The Court must read the will as a whole. In doing so, the Court notices that the testator did not have a provision for a substitute or alternate executor. This implies that he had never

considered that the donee of the power of appointment might be someone other than Mr. Koonts. Further, Mr. Koonts is described elsewhere in the will as "my friend," and is left, by specific bequest, a diamond ring, an oil painting, and other small mementos he may wish so as to be able to remember the testator. This implies a close friendship. There is a reason, the Court finds, that it was Larry Koonts who was selected as the executor. Furthermore, there is a reason why it was Larry Koonts who was selected as the donee of the power of appointment. Given that the class mentioned in the power of appointment, close friends, is of the type which would require some personal knowledge of the testator to define, it is not surprising that the testator chose a specific individual who was a friend to play that role.

As the Court has found that the power of appointment was personal to Mr. Koonts, it cannot be exercised by anyone else, including Mr. Purintun. Therefore, paragraph Twelfth is of no effect. The remaining property belonging to the estate must pass by the laws of intestate succession.

Defendants argue that this defeats the intent of the testator, as he had given a specific bequest to one of his sisters and had left only a message to the other (effectively disinheriting her), and the decision will allow them to take a larger share of the estate. This may be true. However, assuming that the testator did not wish to leave the remaining property to his sisters, he did not take the necessary steps to see that, under any circumstances, they would not inherit the property. The Court can only give effect to the testator's intentions to the degree that they are lawfully and completely expressed in a valid will.